IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03164-M

BARWON FARMER, )
)
       Plaintiff, )
)
v. ) ORDER
)
FRANKLIN GRAHAM, )
)
       Defendant. )

On May 13, 2022, Barwon Farmer ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* this complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 5].

The court now conducts its initial review under 28 U.S.C. § 1915A and, for the reasons discussed below, dismisses the action for failure to state a claim upon which relief may be granted.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

### Plaintiff's Complaint:

Plaintiff generally alleges Tabor C.I. Security Specialist Franklin Graham ("defendant") violated his First and Fourteenth Amendment rights on October 20 and November 29, 2021. Compl. [D.E. 1] at 3, 5. Plaintiff specifically alleges defendant "fabricated a grievance response as he illegally retaliated against me for filing a grievance depriving me of my 1st Amendment right, as well as my 14th Amendment right[,] because he showed callous indifference ignoring cruel and unusual punishment [sic]." Id. at 5. Plaintiff further alleges that defendant "conspired with Kevin Gore [by] fabricating documents, interfering with investigations in attemp [sic] to use organized crime to justify cruel and unusual punishment that occurred on 10-5-21." Id.

2

Plaintiff contends Kevin Gore submitted "fabricated evidence to be investigated" after an incident where Gore sprayed plaintiff with pepper spray despite plaintiff purportedly having abandoned his actions. Id. Plaintiff also contends he was assured by a superintendent that the incident would be investigated thoroughly. Id. at 5–6. Plaintiff attended a hearing with a Disciplinary Hearing Officer ("DHO") on October 25, 2021, regarding the incident on October 5, 2021, and a charge that plaintiff had disobeyed a direct order was "removed." Id. at 6.

Plaintiff asserts his pending case before this court, as well as security footage, will show defendant fabricated grievance responses and retaliated against plaintiff for filing a grievance. Id. Plaintiff also asserts that, after he submitted a grievance on November 29, 2021, defendant "tried to further organize a crime [sic] by making a statement in response to [plaintiff's] grievance . . . stating 'you pled guilty to the DHO on 11-2-21.'" Plaintiff contends that the conduct to which he pleaded guilty "has nothing to do with any instructions Kevin alleged via incident report as this relates to what [defendant] mentioned in response to my grievance on 10-20-21 [sic]." Id. at 7.

Plaintiff claims defendant "ignored the threat Kevin Gore poses to security and safety as well as a form of torture making no steps or taking no action in in [sic] regards to [plaintiff's] 14th Amendment right in which [plaintiff is] entitled to equal protection of the laws without discrimination [sic]." Id. Plaintiff notes there have been deaths at "this facility," and plaintiff has attempted suicide twice. Id. Plaintiff contends defendant's "actions retaliating to the primary reason Kevin Gore almost got away with all that has been mention [sic] is is [sic] the primary aspect of what caused [plaintiff] PTSD that led to two suicide attempts that is documented [sic]." Id. Plaintiff states, "defendant did not discipline and/or fire Kevin Gore for using a form of torture as punishment." Id. Plaintiff further asserts that he "has been and will continue to be

3

injured by the conduct (irreparably injured) of the defendant unless the courts grant the declaration and injunctive relief which plaintiff seeks." Id.

For relief, plaintiff seeks declaratory relief, an injunction "ordering defendant to provide an effective remedy for acts by officers violating the fundamental rights granted inmates by the Constitution or by law [sic]," as well as compensatory and punitive damages. Id. at 8.

### Discussion:

The court takes judicial notice of plaintiff's other case in this court. See Order [D.E. 11], Farmer v. Gore, No. 5:22-CT-03119-M (E.D.N.C. Oct. 5, 2022) (allowing to proceed Eighth Amendment claims against Kevin Gore pursuant to the incident on October 5, 2021). Nevertheless, the instant complaint is not a model of clarity.

To state a claim under the Due Process Clause of the Fourteenth Amendment, plaintiff must demonstrate that government action deprived him of life, liberty, or property. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). A court "first asks whether there exists a liberty or property interest which has been interfered with by the State." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). If so, the court "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Id.

To the extent plaintiff alleges violations of his due process rights pursuant to defendant's involvement in prison disciplinary proceedings, plaintiff fails to plausibly allege any change of the duration of his sentence or the imposition of an "atypical and significant hardship." Cf. Sandin v. Conner, 515 U.S. 472, 484, 487 (1995) (finding inmate only entitled to procedural due process protections for disciplinary proceedings imposing punishment that either alters "the duration of his sentence" or "imposes atypical and significant hardship on the inmate in relation to the ordinary

4

incidents of prison life"); see Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").

Although plaintiff contends defendant "fabricated a grievance response," plaintiff lacks a constitutional right or due process interest in grievance procedure. See Adams, 40 F.3d at 75 ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("*Adams* establishes a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example.").

The retaliation claims also are premised on defendant's response to plaintiff's grievance filing. As to retaliation claims, generally, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right," and also must allege specific facts supporting this claim; bare assertions of retaliation do not establish a claim of a constitutional dimension. See Adams, 40 F.3d at 74–75.

To survive initial review, a First Amendment retaliation claim must plausibly "allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant's conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) ("Martin I") (quotation and alterations omitted), cert. denied, 138 S. Ct. 738 (2018).

Plaintiff's bald, conclusory claim–that defendant retaliated against him for filing a grievance–amounts to mere "labels and conclusions" insufficient to plausibly allege the requisite

5

causal relationship between the acts and any protected activity. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555; Martin I, 858 F.3d at 249; Adams, 40 F.3d at 74; cf. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) ("Martin II"); Booker, 855 F.3d at 540, 544.

Next, plaintiff's bald, vague claims of discrimination are far too threadbare to state a cognizable claim under the Equal Protection Clause. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (noting the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."); Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997); see also Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Although plaintiff alleges defendant failed to adequately investigate, discipline, or fire Kevin Gore, he lacks any cognizable constitutional interest in such actions. See, e.g., Kunzer v. Magill, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) ("Private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another." (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973))).

To the extent plaintiff instead alleges that defendant conspired with Kevin Gore, to establish a civil conspiracy in violation of 42 U.S.C. § 1983, plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Conclusory conspiracy allegations do not establish the "meeting of the minds" element and thus fail to state a claim. Id.

Because, as noted above, plaintiff fails to show the deprivation of a constitutional right, and because plaintiff's bald, conclusory allegations again constitute mere "labels and conclusions," Twombly, 550 U.S. at 555, plaintiff also fails to plausibly allege a colorable civil conspiracy claim.

To the extent plaintiff instead seeks to raise an Eighth Amendment deliberate indifference claim premised on his PTSD or suicide attempts, plaintiff fails to plausibly allege that defendant actually knew of, but disregarded, a substantial risk of serious harm to plaintiff. See Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); Wright, 766 F.2d at 850 (requiring a § 1983 plaintiff to "affirmatively show[ ] that the official charged acted personally in the deprivation of the plaintiff's rights," but finding that mere knowledge of such a deprivation does not suffice (internal quotation marks omitted)).

Finally, because the complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and the court also declines to exercise supplemental jurisdiction over any lingering state-law claims, see 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001).

### Conclusion:

In sum, the court DISMISSES the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1), and DIRECTS the clerk to close the case.

SO ORDERED this 31st day of March, 2023.

RICHARD E. MYERS II
Chief United States District Judge